United States District Court
South Carolina

Johnathan Emilien
v.
Captain Allen, Lt. T. Bostic, Sgt. Lutz, Ofc. Weaver, Ofc Butler. Classification Butler

0:26-cv-02732-RMG-PJG

C/A

Complaint for Civil Action

1.

Now comes pro se litigant Johnathan Emilien. An inmate housed in the Broad River Correctional Institution, located at 4460 Broad River Rd Columbia SC 29210. The plaintiff moves this court to hear the complaint herein, pursuant to 42 USC section 1983.

2.

At all times relevant in this complaint, the plaintiff was housed in the Broad River Correctional Institution (BRCI), under control of the above named defendants, who were acting under color of state law.

3.

Plaintiff requests a jury trial and to sue all defendants in their official and individual capacities.

4.

Upon information and belief, on the relevant dates listed herein, plaintiff believes that the defendants did willingly and intentionally violate one or more of his Constitutional rights, secured under the U.S. Constitution.

5.

Plaintiff brings the following causes of action.

1) Retaliation, violation of the Freedom of Speech and Expression Claus, violation of the right to Access the Court in violation of the 1st Amendment against: Lt. Bostic, Classification Butler, Capt. Allen, Ofc. Butler.

2) Deliberate Indifference to the conditions of confinement against: Classification Butler,

3) Bystander and Supervisor liability against: Sgt. Lutz and Ofc. Butler.

4) Cruel and Unusual Punishment (excessive force) against: Ofc. Weaver
5) Conspiracy to cover a beating against: Sgt. Lutz, Ofc. Weaver, and Ofc. Butler.
6) Due Process violation against Classification Butler

6. Retaliation by Lt. Bostic

This claim consists of Lt. Bostic's actions of:

1) Purposely refusing me showers for 10 days for writing headquarters about her and MHO Jackson
2) Purposely leaving me in a cell for 12 days without ANY running water for writing head quarters about her and MHO Jackson.
3) Purposely allowing gang related inmates to enter my cell and steal $441.00 worth of my personal property when I was removed from the unit on 1/15/26, for writing headquarters about her and MHO Jackson.

Back Story of Claim In relevant part

On or around 1/10/26, I reported a Blood member to SCDC headquarter (herein HQ, Columbia,), via kiosk. HQ contacted the prison. I'm not clear on how the information was passed down, but it reached MHO Jackson and she acted on it. Afterwards, she told the inmate I'd reported word for word what I said. Both MHO Jackson & Lt. Bostic began telling inmates (gang members) that I was a rat and was reporting and having my girlfriend Egypt Smith report them via email to HQ everyday. Which I was. The inmates took this information and yelled it all over the dorm with my room number loudly. Putting me under further threat than I already was. (I was moved into the dorm for stating PC concerns. The move was done vindictively. See case # 26-CP-4002246 Richland County). In an attempt to stop me from contacting HQ against Lt. Bostic, the inmate she informed in Wateree B 175 took my tablet and tablet charger. This happened on 1/15/26. I told the on shift Lt. He allowed the inmate to tell him they'd handle it (i.e. the gang related inmates), as is custom in Broad River C.I. (BRCI). While the Lt was with these inmates infront of my door, I used a razor to cut my wrist open, while he looked directly at me. The Lt. left the dorm

and never returned. Medical nor mental health were notified. My wrist bled profusively. At shift change, I informed Lt. Bostic and the dorm officer that my wrist was cut & I needed medical attention. Lt. Bostic ignored me. On camera, you'll see Lt. Bostic standing at the top of the stairs by my cell, addressing me & the inmates. She said, "He'll never come out on my shift. All he do is write Columbia. Every week its something with him." By now I'd been in cell 255 for 6 hours with my wrist cut. During this time, inmates are trying to convince the police to open my door to injure me due to information recieved from staff, and Lt. Bostic is failing to act due to me reporting her to HQ. In an attempt to force Lt. Bostic into action, I removed the toilet from the wall and began busting cinderblocks out of the wall. An action she could no longer ignore. She had to report it. Within 20 to 30 minutes, Lt. Ward of STG came. He handcuffed me and removed me from the cell. Leaving all of my property inside. I was taken to medical and received 6 stitches and spoke to QMHP Smith. I was then taken to RHU (restrictive housing unit) While in RHU, Lt. Bostic gave inmates access to my cell where they stole all of my personal property. To cover her actions, she failed to fill out an inventory form which was required any time an inmate is moved anywhere inside or outside of the facility.

Lt. Bostic allowed my property to be stolen because I'd written her up. She was later moved from the Wateree unit. Her actions were intended to chill.

7. <u>Retaliation, Excessive force, Bystander and Supervisor liability by Ofc. Butler, Sgt. Lutz and Ofc. Weaver.</u>

On 2/15/26 while utilizing the RHU legal tablet, I wrote HQ stating I had suicidal intentions. I'd also written 3 request to staff protesting not being released from RHU on 2/11/26 after my PC hearing, as recommended by AW Chestnut. Between 4:15 and 4:21 pm, Ofc. Butler came to my door asking me why did I write HQ? (It should be noted that I have a protected right to contact HQ for my safety from self harm). I informed him as to why I'd written them. He told me I had to see QMHP (Qualified Mental Health Professional). At 4:21 pm, I was

placed in full restraints, (handcuffs, belly chain, shackles, and Lead chain) then escorted to the polycom room to speak to QMHP Marcus Thomas. While speaking to QMHP, Ofc. Butler chose to enter my cell and confiscated the legal tablet. His action was intended to stop me from contacting HQ. (This same action was done by former Warden Cannick and Captain Lemke. Also by Sgt. Peterson) An adversed action directly linked to a protected activity. I was cleared by QMHP and required no suicide percautions, resulting in me being escorted back to my cell by Sgt. Lutz and Ofc. Butler. At my cell, Ofc. Butler again entered my cell and attempted to take my personal property. I immediately told him that he had no right to take my property. I told him to either put it back or [redacted] put me on CI (crisis intervention), because I'd slam my head into the door until I bust it wide open. He continued to remove my things, so I ran my head into the door extremely hard. Three officers responded. Ofc. Weaver, Kershaw, and Wingard. I ran my head into the door again, causing force to be used. While still in full restraints lying on the floor of my cell (Sal 247), Ofc. Weaver stated, "Imma beat your ass!" He then punched me four times in the back of my head. Cell 246, 248, 249, and 250 heard it and went ballistic. 248 Jaidyn Isaac #395722 yelled through the vent connecting our rooms. He said loudly, "I'm gonna write that shit up!" The same day he wrote an Automated Request to Staff to Investigations on the kiosk, and a statement. Cell 246 Q. Bivens #360257 wrote a statement also. The camera also caught this incident. I immediately requested medical attention due to being punched and having force used against me (Policy and protocol obligates medical and mental health be notified when force is used against an inmate.) Instead of contacting medical and reporting the use of force, the excessive force, and me slamming my head against the door, Sgt. Lutz and Ofc. Butler attempted to negotiate with me in exchange for my silence. Ofc. Butler told me they'd return my property if I didn't go to medical. I agreed to get my stuff back. They returned it, locked my door, and left. As soon as shift changed, I reported it and filed a grievance alleging criminal activity. (Informal resolution wasn't applicable) Medical told me to do a sick call. I complied despite policy demanding I was to see medical immediately. On 2/16/26, I was taken to medical at

1:11 pm, 20 hours later. I was escorted by Sgt. McCain, CERT, Sgt. Johnson (female), and Ofc. Cooper, who recorded everything on Congaree's handheld camera. The nurse who checked me on 2/16/26 only checked my wrists and ankles, then shrugged nonchalantly stating, "I don't see any injuries." He never wrote or documented anything. I told him, "Of course you wont see any injuries. Its been almost twenty-four hours. I was hit in the back of the head four times. I have pain in that area." He didn't check it, document it, or perscribe anything for pain. During this medical visit, Ofc. Cooper had the camera facing the floor. I'd been on a hunger strike since 2/15/26, so on 2/17/26, I was taken back to medical. This time to see Nurse Mays. (2:09 pm) After 48 hours, the first documentation of the beating was done. Pain meds perscribed.

This section of the complaint (section # 7) is based on:

1) Being hit with closed fist while in restraints. (Excessive force)
2) Staff watching it and failing to intervene or stop it. (Supervisor liability and bystander)
3) Failing to contact medical and mental health. (Deliberate indifference)
4) Bargaining with me so I wouldn't report the excessive force. (Conspiracy)

8. Classification Butler, deliberate indifference, retaliation, due process.

From 2/11/26-2/19/26 I'd been reporting Classification Butler to HQ, because she held me in RHU on PC for 40 days without a PC hearing. Policy states I was to have a hearing every 7 to 10 days. On 2/11/26, I was released from PC, but was wrongfully held in RHU. On 2/19/26, she let me out of RHU and assigned me to Monticello dorm. A dorm I identified three documented enemies in. I informed her of these threats in 3 voluntary statements, as well as Automated Request to Staff # 26-0425-2801 on 1/13/26, # 26-0427-6421 on 2/10/26, and # 26-0428-0524 on 2/13/26. I was very informative in these requests. Giving her all the information she needed to investigate and take reasonable steps to ensure my safety. On 2/11/26, at my PC hearing, I'd informed her and the

PC review board that I had enemies in Wateree and Montecello dorms. One of which was named in an incident report as being involved in an assault against me in 2024. Added to this information, Captain Allen (then Lt.) wrote an incident report identifying these threats and recommending I be placed in either Greenwood, Marion, or Moultrie dorms, due to these threats. Classification Butler ignored all of this information. I was forced to go on suicide watch to avoid CERT forcefully placing me in the dorm. On 2/24/26, I was released to Murray dorm. I was on CI and unable to have pens or paper. Q. Bivens wrote on the kiosk for me. The matter was informally resolved and required no grievance process.

This section (section #8) is based on:

1) Retaliating by sending me to a dorm with documented enemies.
2) Showing complete disregard to my health and safety.
3) Placing me in an enviornment that could've potentially caused serious injury or death.
4) Unjustly holding me in RHU without a process and after the 2/11/26 hearing that released me.

9. Capt. Allen: Retaliation

On 5/14/26, I reported Capt. Allen to HQ via email through my girlfriend Egypt Smith. Not even 10 hours later on 5/15/26 at or around 8-10 am he came to my cell (Saluda 106), handcuffed me, then took me out of my cell. He went in and took my Holy Qu'ran and all of my legal mail, paper, pens, and legal work. He then put me in my cell, locked the door and left. At 4:20 pm, AW Andrews made rounds. I told him what Capt. Allen did, I also had my girlfriend emailing. He said, "When you stop contacting headquarters, you'll get your stuff back." I couldn't write anything to fight back. I talked to my girlfriend through the vent because I am denied a tablet. On 5/22/26 Colonel Webb made RHU staff return my legal material. I was outside of the grievance time despite the matter being informally resolved. I still attempted to file an out of time grievance. Captain Allen's actions were in an attempt to "chill" the exercise of my Constitutional right. I was issued a tablet on 6/15/26. Before then, cell 130 sent kiosk messages for me.

I swear under penalty of perjury this is true and correct.

Relief

$500,000 in any and all applicable damages.

J. Emilien

Johnathan Emilien 389889
4460 Broad River Rd
Columbia, SC 29210